UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Malco Enterprises of Nevada, Inc., d/b/a Budget Car & Truck Rental of Las Vegas,<br><br>Plaintiff<br><br>v.<br><br>Shumei Chen & Russell Berryman,<br><br>Defendants | Case No. 2:22-cv-01303-CDS-DJA<br><br>**Order Dismissing Plaintiff's Claims, Denying Pending Motions as Moot, and Closing Case**<br><br>[ECF Nos. 11, 12, 24] |

Malco Enterprises of Nevada sues Shumei Chen and Russell Berryman in this declaratory-judgment action for a declaration that (1) the Graves Amendment, 49 U.S.C. § 30106, preempts Nevada Revised Statutes (NRS) § 482.305 as a matter of law and (2) NRS § 482.305 is unconstitutional and void. The case arises out of a car accident involving Chen and Berryman; Berryman allegedly rented a car from Malco before negligently driving it into Chen's vehicle. Malco—anticipating a lawsuit brought by Chen to hold it liable for its lessee's negligence—preemptively filed a complaint in this court, citing federal-question jurisdiction (28 U.S.C. § 1331) and the declaratory judgment statute (28 U.S.C. § 2201) as the bases for jurisdiction. I ordered Malco to show cause whether it had standing to pursue such a declaratory judgment. ECF No. 33. Malco timely responded, but I remain unpersuaded that Malco has standing. I thus sua sponte dismiss Malco's claims for lack of standing, deny as moot all outstanding motions, and instruct the Clerk of Court to close this case.

I.   **Justiciability**

The judicial power granted to the federal courts by the U.S. Constitution is limited to resolving actual cases or controversies. U.S. Const. Art. III, § 2. That limitation is "not relaxed in the declaratory judgment context." *Gator.com Corp. v. L.L. Bean, Inc.*, 398 F.3d 1125, 1129 (9th Cir.

2005) (en banc). The Declaratory Judgment Act does not, by itself, confer jurisdiction.[1] 28 U.S.C. §§ 2201–02; *Allen v. Milas*, 986 F.3d 1094, 1099 (9th Cir. 2018). Nor does it alone confer standing:

> The party seeking declaratory relief must demonstrate the three elements that comprise the irreducible constitutional minimum of standing: (1) an "injury in fact" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical" that is (2) "causally connected" and "fairly traceable" to "the conduct complained of" and "not the result of the independent action of some third party not before the court" and (3) "likely as opposed to merely speculative," such that "the injury will be redressed by a favorable decision."

*San Diego Cnty. Credit Union v. Citizens Equity First Credit Union*, 65 F.4th 1012, 1023 (9th Cir. 2023) (cleaned up) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)).

To have such standing, the plaintiff must have a "personal stake," *Gator.com Corp.*, 398 F.3d at 1130, in the outcome of "each claim . . . and for each form of relief that is sought," *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 734 (2008) (cleaned up), which "exist[s] not only at the time the complaint is filed, but through all stages of the litigation." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90–91 (2013). "[D]iffering views of the law are not enough to satisfy Article III." *Shell Gulf of Mex., Inc. v. Ctr. for Biological Diversity, Inc.*, 771 F.3d 632, 637 (9th Cir. 2014). "To have Article III standing to sue in federal court, [a] plaintiff[] must demonstrate, among other things, that they suffered concrete harm. No concrete harm, no standing." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2200 (2021).

---

[1] The Declaratory Judgment Act provides that, "[i]n the case **of actual controversy within its jurisdiction** . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a) (emphasis added). The bolded language demonstrates that jurisdiction over an actual controversy is a prerequisite to obtaining relief under the Act; *i.e.*, that the Act does not itself establish an independent basis for jurisdiction. And in determining whether an "actual controversy" exists, the Supreme Court has "required that [a] dispute be 'definite and concrete, touching the legal relations of parties having adverse legal interests'; and that it be 'real and substantial' and 'admi[t] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'" *MedImmune, Inc. v. Genentech, Inc.*, 529 U.S. 118, 126 (2007) (quoting *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240–241 (1937)). "Basically, the question in each case is whether the facts alleged, under all of the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941).

But it is unclear what "personal stake" Malco has in pursuing its requested declaratory relief. Because Malco sued for declaratory relief prior to Chen taking any legal action against it, I remain concerned that Malco seeks relief under the Declaratory Judgment Act without having standing to pursue its claim. This practical concern is especially relevant "where, as here, one party races to the courthouse to file a preemptive declaratory action against an anticipated plaintiff." *Kochava, Inc. v. FTC*, 2023 WL 3250496, at *3 (D. Idaho May 3, 2023). "Race-to-the-courthouse declaratory actions are generally disfavored because they often frame defenses as claims and, in doing so, force the parties and courts into an awkward cart-before-the-horse litigation posture." *Id.*; *see also Bank of Am., N.A. v. County of Maui*, 2020 WL 7700098, at *3 (D. Haw. Dec. 28, 2023) (stating that the Declaratory Judgment Act "can only afford relief to such prospective defendants 'once the adverse positions have crystallized and the conflict of interests is real and immediate.'" (quoting *Societe de Conditionnement en Aluminium v. Hunter Eng'g Co.*, 655 F.2d 938, 943 (9th Cir. 1981))).

I expressed these concerns in my order to show cause. ECF No. 33. Malco responded to that order but did not actually address any of my concerns. ECF No. 34. Instead, it argues that because three Nevada state court orders have issued stating that the federal law preempts Nevada's state law, it "is [its] position that it has standing to pursue a declaratory judgment action and that this case is justiciable." *Id.* at 2. But Malco ignores the case law stating that a party seeking declaratory relief must demonstrate the three elements that comprise the "irreducible constitutional minimum of standing[.]" *San Diego Cnty. Credit Union*, 65 F.4th at 1023. Specifically, it does not claim harm from those state court decisions—quite the contrary, as those decisions conform to Malco's desired view of the law. And at this juncture, Malco certainly has not been concretely harmed by either defendant in this action, as it does not allege that it faces a lawsuit brought by either. Without a demonstration of injury in fact, Malco cannot meet its burden in demonstrating that it has standing to pursue declaratory relief.

II. Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that this suit is DISMISSED with prejudice. The pending motions to dismiss [ECF No. 11], for summary judgment [ECF No. 12], and for default judgment [ECF No. 24] are all denied as moot. The Clerk of Court is kindly instructed to enter judgment accordingly and CLOSE THIS CASE.

DATED: July 17, 2023

_____
Cristina D. Silva
United States District Judge